```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

HECTOR ROY WATSON,

           Petitioner,

vs.                        Case No.  2:08-cv-353-FtM-29DNF
                                 Case No.   2:06-cr-46-FtM-29DNF

UNITED STATES OF AMERICA,

           Respondent.
_____

## OPINION AND ORDER

     This matter comes before the Court on petitioner Hector Roy Watson's Omnibus Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. § 2255 & Memorandum of Legal Citations of Authority (Cv. Doc. #1; Cr. Doc. #55)[1] filed on April 29, 2008. The Court then allowed petitioner to expand the record. (Cv. Docs. #7, #8.) The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #9) on July 3, 2008. Petitioner filed a Reply (Cv. Doc. #11) on July 15, 2008, and a "Sworn Affidavit" (Doc. #12) on July 25, 2008.

**I.**

    On March 15, 2006, a federal grand jury in Fort Myers, Florida filed a two-count Indictment (Cr. Doc. #1) charging petitioner

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case as "Cr. Doc."

Hector Roy Watson (petitioner or Watson) with possession with intent to distribute five grams or more of cocaine base, crack cocaine on February 15, 2006 (Count One) and on March 3, 2006 (Count Two). On June 8, 2006, petitioner pled guilty to both counts without a plea agreement. (Cr. Docs. #33, #34.) On September 26, 2006, petitioner was sentenced to 120 months imprisonment on both counts concurrently, followed by 60 months supervised release. (Cr. Doc. #40.) On August 14, 2007, petitioner's sentences were affirmed by the Eleventh Circuit Court of Appeals. United States v. Watson, 239 Fed. Appx. 519 (11th Cir. 2007). Petitioner's petition for a writ of *certiorari* was denied by the United States Supreme Court on January 7, 2008. Watson v. United States, 128 S. Ct. 927 (2008). Petitioner filed this timely motion under 28 U.S.C. § 2255 alleging claims of ineffective assistance of counsel and entitlement to a sentence reduction based on a recent amendment to the Sentencing Guidelines.

**II.**

Petitioner seeks re-sentencing in light of Amendment 709 to the U.S. Sentencing Guidelines, arguing that this amendment supports his position at sentencing that his prior convictions were related offenses which should have been counted as a single conviction for career offender purposes. (Cv. Doc. #1, pp. 10-12; #11, pp. 1-3.) The Court disagrees.

Only amendments listed under § 1B1.10(c) of the Sentencing Guidelines, and having the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence. United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003). Amendment 709 is not listed in § 1B1.10(c) of the Sentencing Guidelines, and therefore is not retroactive and may not be utilized to reduce defendant's sentence. United States v. Barclay, 2008 WL 4737423, ___ Fed. Appx. ___ (11th Cir. Oct. 29, 2008). Ground One is therefore without merit.

### III.

Petitioner argues that his attorney mis-advised him as to the calculation of the Sentencing Guidelines range. Petitioner asserts that his attorney advised him that his Sentencing Guidelines range would be 60-71 months, without mentioning a career offender enhancement, and that he would have gone to trial if he had known of the career offender enhancement. For this reason, petitioner asserts that his guilty plea was not voluntary, knowing, and intelligent and his attorney was constitutionally ineffective. (Cv. Doc. #1, pp. 13-15; #11, pp. 3-6.)

The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance

prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). An attorney's erroneous prediction of the Sentencing Guidelines range is not ineffective assistance of counsel, and does not render a guilty plea involuntary, where the Court advises petitioner of the correct maximum sentence and defendant acknowledges that he understands this maximum sentence. United States v. Bradley, 905 F.2d 359, 360 (11th Cir. 1990); United States v. Pease, 240 F.3d 938, 940-41 (11th Cir. 2001), cert. denied, 331 F.3d 809 (11th Cir. 2003); United States v. Himick, 139 Fed. Appx. 227, 229 (11th Cir. 2005); United States v. Garcia, 213 Fed. Appx. 817, 820-21 (11th Cir. 2007).

In this case, petitioner was advised at the change of plea hearing that there was a mandatory minimum term of imprisonment of five years up to forty years as to each count, which he stated he understood (Cr. Doc. #51, p. 6); petitioner stated that he spoke with his attorney regarding the Sentencing Guidelines, which his attorney had explained (id.); petitioner was advised that the Sentencing Guidelines took into account a number of factors including criminal history, which petitioner said he understood (id. at 6-7); petitioner was advised that the Court would not be able to determine the Sentencing Guidelines range in petitioner's case until after the Presentence Report was completed and the

parties had the opportunity to challenge the facts reported by the probation officer, which petitioner said he understood (id. at 7); petitioner was told that it was unlikely his attorney could be specific as to the guideline range or sentence because his attorney did not have all the necessary information, and that petitioner would not be allowed to withdraw you plea of guilty on the ground that his attorney's prediction as to the Sentencing Guidelines range proves to be inaccurate, which petitioner said he understood (id.); petitioner was told that his sentence would be somewhere between five years and forty years as to each count, and since he was pleading guilty to two counts the maximum would be 80 years if imposed consecutively, which petitioner said he understood (id. at 7-8); petitioner was told that under some circumstances the judge had the authority to impose a sentence which was more severe or less severe than that called for by the Sentencing Guidelines, which petitioner said he understood (id. at 8-9); and petitioner stated that he understood the possible penalties that would apply if he pled guilty to the charges (id. at 9-10).  Accordingly, Ground Two is without merit.

Accordingly, it is now

**ORDERED:**

1.   Petitioner's Omnibus Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. § 2255 & Memorandum of

Legal Citations of Authority (Cv. Doc. #1; Cr. Doc. #55) is **DENIED** as to all claims for the reasons set forth above.

    2.   The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk shall place a copy of the civil Judgment in the criminal file.

    **DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of December, 2008.

                                      JOHN E. STEELE
                                      United States District Judge

Copies:
AUSA Viacava
Hector Roy Watson